UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00341-RJC

| DIONTE M. HUEY, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) ORDER |
| COMMISSIONER OF SOCIAL SECURITY | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on Defendant's Motion for Extension of Time to Answer Complaint (Doc. No. 8), Plaintiff's Motion for Leave to File Excess Pages (Doc. No. 11), and the Parties' Cross Motions for Summary Judgment (Doc. Nos. 12, 14). Having fully considered the written arguments, administrative record, and applicable authority, the Court **GRANTS** Plaintiff's Motion for Summary Judgment and **REMANDS** this matter for further proceedings consistent with this Order.

## I. BACKGROUND

Plaintiff Dionte M. Huey ("Huey") seeks judicial review of the Commissioner of Social Security's ("Defendant" or "Commissioner") denial of his social security claim. Huey filed his first application for disability benefits which was denied by an Administrative Law Judge (the "ALJ") on June 24, 2015, and later affirmed on appeal (the "June 2015 Decision"). (Tr.[1] 74-84). Huey filed a second application for supplemental security income in April 2017 (the "Second Application"). (*Id.* at 17). The same ALJ considered each of Huey's applications.

---

[1] Citations to "Tr." throughout the order refer to the administrative record at Doc. No. 10.

In denying Huey's social security claim in his Second Application, the ALJ conducted a five-step sequential evaluation. (*Id.* at 17-33). At step one, the ALJ found that Huey had not engaged in substantial gainful activity since the application date. (*Id.* at 19). At step two, the ALJ found that Huey had the following combination of severe impairments: schizophrenia, depression, and intelligence disorder. (*Id.* at 20). The ALJ also found Huey's other ailments such as diabetes and marijuana use to be non-severe. (*Id.*) At step three, the ALJ found that none of the impairments, or combinations of impairments, met or equaled the severity of a listed impairment. (*Id.* at 20-23). Before moving to step four, the ALJ determined Huey's residual functional capacity ("RFC"), discussed in more detail herein. At step four, the ALJ found that Huey is capable of performing past relevant work as a Material Handler. (*Id.* at 27-28). And, at step five, the ALJ found that Huey could perform jobs that existed in significant numbers in the national economy. (*Id.* at 28-29).

After exhausting his administrative remedies, Huey brought the instant action for review of Defendant's decision denying his application for supplemental security income. (Doc. No. 1).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). The District Court does not review a final decision of the Commissioner *de novo*. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)), the Fourth Circuit defined "substantial evidence" as:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*See also Seacrist v. Weinberger*, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence.").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d at 1456 (4th Cir. 1990); *see also Smith v. Schweiker*, 795 F.2d at 345; *and Blalock v. Richardson*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

Huey raises three challenges to the ALJ's decision that he is not disabled: (1) the ALJ failed to properly consider prior disability determinations by the Social Security Administration and North Carolina Department of Health and Human Services; (2) the ALJ mischaracterized and overlooked evidence that Huey meets the requirements for Listing 12.05B; and (3) the ALJ failed to properly assess the opinions of the consultative examiners and state agency consultants in determining Huey's RFC. (Doc. No. 13). The Court grants remand based on Huey's first

challenge.

Huey contends the ALJ failed to provide a proper explanation, as required by Social Security Acquiescence Ruling ("AR") 00-1(4), for the differences in the RFC findings in the June 2015 Decision and the RFC findings on his Second Application, including the weight given to the earlier RFC findings. 174 F.3d 473 (4th Cir. 1999). The Defendant argues the "ALJ need not explain a prior decision, which has now become judicial res judicata" and that the current decision is based on facts not in evidence when the prior decision was made. (Doc. No. 15).

In *Albright*, the Fourth Circuit held the Social Security Administration ("SSA") cannot preclude review of a claimant's second claim for disability benefits solely because of a prior ruling in an earlier claim for disability benefits. *Id.* As a result of *Albright*, the SSA issued AR 00-1(4) which requires:

> where a final decision of SSA after a hearing on a prior disability claim contains a finding required at a step in the sequential evaluation process for determining disability, SSA must consider such finding as evidence and give it appropriate weight in light of all relevant facts and circumstances when adjudicating a subsequent disability claim involving an unadjudicated period . . . .
>
> In determining the weight to be given such a prior finding, an adjudicator will consider such factors as: (1) whether the fact on which the prior finding was based is subject to change with the passage of time, such as a fact relating to the severity of a claimant's medical condition; (2) the likelihood of such a change, considering the length of time that has elapsed between the period previously adjudicated and the period being adjudicated in the subsequent claim; and (3) the extent that evidence not considered in the final decision on the prior claim provides a basis for making a different finding with respect to the period being adjudicated in the subsequent claim.

AR 00-1(4). "An ALJ does not have to explicitly discuss each factor or state the weight given to each previous finding in order to comply with AR 00-1(4); rather, it must be clear that the ALJ considered the previous determination when evaluating the entire record." *Pender v. Kijakazi*, No. 5:20-CV-228-RJ, 2021 WL 5967555, at *4 (E.D.N.C. Dec. 15, 2021). "While a step-by-step

analysis may not be required for an ALJ to comply with AR 00-1(4), ultimately, an ALJ's written decision must provide some explanation for discrediting or failing to adopt past administrative findings favorable to the claimant." *Craft v. Colvin*, No. 1:16CV97, 2017 WL 239375, at *4 (M.D.N.C. 2017).

The ALJ's decision on Huey's first application found Huey had an RFC

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can perform simple, routine, and repetitive tasks. The claimant can have occasional interaction with the general public and coworkers. The work can have no production rate requirements and involve few, if any, work place changes.

(Tr. 78).

The ALJ's decision on Huey's Second Application found Huey had an RFC

> to perform a full range of work at all exertional levels but with additional nonexertional limitations. Specifically, the claimant can understand, remember, and carry out simple instructions, but not necessarily simple routine and repetitive tasks, meaning a SVP 3 or less. The claimant can maintain attention and concentration for at least two-hour periods of time sufficient to carry out simple tasks over a regular workday and a typical work week, and can adapt to routine workplace changes at a non-production rate pace with occasional interaction with the general public.

(*Id.* at 23).

In the ALJ's decision on Huey's Second Application, she explained the difference in the RFC findings as follows:

> In determining the claimant's severe medically determinable impairments and residual functional capacity, the undersigned took into consideration Acquiescence Ruling 00-1(4), which addresses *Albright v. Commissioner of Social Security*. More specifically, the previous decision made by the undersigned was examined and it was determined that the claimant's residual functional capacity, caused by his severe medically determinable impairments, is different than previously assessed. In particular, a longitudinal review of the record indicates that the claimant's present severe medically determinable impairments limit his functional

capacity in a manner not previously taken into account due to their absence or severity level at the time the undersigned considered the claimant's allegations of disability.

(Tr. 26-27).

Here, the ALJ took into consideration the prior RFC findings; however, she did not provide an explanation as to what new or different medically determinable impairments Huey had since review of his first application or why they resulted in an unfavorable change for Huey to certain RFC findings. For example, the ALJ made RFC findings in the June 2015 Decision that his work can "involve few, if any, work place changes" but on his Second Application found he "can adapt to routine workplace changes." The ALJ did not explain why or what changed that led her to find Huey was able to adapt to routine workplace changes on review of the Second Application, but not his first application.

Under AR 00-1(4), the ALJ is required to consider the June 2015 Decision as evidence. By not adequately explaining why the RFC findings from Huey's first and second applications were different, and in some instances less favorable, the ALJ failed to build "an accurate and logical bridge from the evidence to h[er] conclusion." *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quotation marks and citation omitted); *see also Neal v. Berryhill*, No. 9:18-545-TLW-BM, 2019 WL 4359546, at *6 (D.S.C. May 29, 2019) ("[A]lthough the ALJ acknowledged AR 00–1(4) in his decision, he did not explain adequately how he considered and weighed the prior decision, especially regarding the RFC assessment as to the use of an assistive device."); *Bailey v. Colvin*, No. 6:13-CV-29150, 2015 WL 769843, at *11 (S.D.W. Va. 23 Feb. 2015) ("Although AR 00–1(4) does not state that the ALJ must explicitly indicate his explanation, the Ruling does provide that the ALJ shall consider and weigh the prior ruling as evidence in reaching his decision in the second claim. The ALJ must provide some semblance of an explanation to enable judicial

review of his decision."); *Dodson v. Berryhill*, No. 5:17-CV-28-D, 2018 WL 896901, at *8-9 (E.D.N.C. Jan. 30, 2018) ("Of course, while the ALJ is not required to provide an in-depth explanation of his evaluation of the 2009 decision, his provision of no explanation for discounting the prior decision aside from the less than two-year passage of time between the periods of alleged disability at issue is insufficient."). As such, it is not clear which of Huey's new or different medical determinable impairments caused the changes to the RFC findings or why they resulted in changes to the RFC findings. The Court is unable to conclude that the ALJ's RFC findings are supported by substantial evidence and remand is warranted for further consideration of this issue.

By ordering remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not forecast a decision on the merits of Huey's application for disability benefits. *See Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 663 (4th Cir. 2017). "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." *Shalala v. Schaefer*, 509 U.S. 292, 299 (1993) (quoting *Sullivan v. Hudson*, 490 U.S. 877, 892 (1989)).

## IV.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Motion for Extension of Time to Answer Complaint, (Doc. No. 8), is **GRANTED**;

2. Plaintiff's Motion for Leave to File Excess Pages, (Doc. No. 11), is **GRANTED**;

3. Plaintiff's Motion for Summary Judgment, (Doc. No. 12), is **GRANTED**;

4. Defendant's Motion for Summary Judgment, (Doc. No. 14), is **DENIED**; and

5. This matter is **REMANDED** to the Commissioner for further proceedings

consistent with this order.

The Clerk of Court is directed to close this case.

**SO ORDERED.**

Signed: March 7, 2022

Robert J. Conrad, Jr.
United States District Judge